ISAAC N. SWASEY, Appellant *v.* MARY A. BERGER,
Respondent.

*Court of Appeals, Dec. 2, 1890.*

Affirming, 47 Hun, 646, Mem.

1. *Appeal.   Court of Appeals.*—The amount of credit to be given to a
party as a witness, and what inferences are. to be drawn from the
whole evidence, are matters for the referee and the general term, and
with their determination the court of appeals cannot interfere.
2. *Same.  Evidence.*—The finding of a referee, upon conflicting evidence,
is conclusive.

Appeal from a judgment of the general term of the
supreme court, affirming a judgment entered upon the
report of a referee.

*J. L. Bennett*, for appellant.

*Scott Lord*, for respondent.

EARL, J.—The defendant is a daughter of the late Cor-
nelius Vanderbilt, who died in January, 1877, leaving a
will in which he disposed of his large estate.  She filed
objections to the probate of the will in the summer of 1877,
and entered upon a contest against such probate which
lasted until March, 1879, when it was settled.   The plaintiff
is a physician, and claims that during the pendency of the.
contest he rendered services for the defendant upon her
employment as an expert in procuring and advising about
the medical evidence bearing upon the condition of the
testator, and he demands for such services $7,500.

The defendant claims that she did not employ the plaint-

iff and that he did not render any services for her, and the referee has found in her favor.

All the oral evidence given upon the trial as to the plaintiff's employment and services came from him. The defendant gave evidence, by herself and other witnesses, tending strongly to show that the plaintiff was not employed and that he did not render any services for her; and there is no claim that, resting upon the oral evidence alone, the case is such that this court could interfere with the conclusions of the referee.

But the claim of the plaintiff is that the undisputed evidence shows that Mr. Scott Lord, who was the counsel for the defendant in the will contest, was authorized by her to employ him, and that the documentary evidence shows conclusively that he did employ him.

The finding of referee, upon conflicting evidence, is conclusive.

It is undisputed that Mr. Lord was the general counsel of the defendant in her contest, and we think it conclusively appears that he had authority broad and general enough to employ the plaintiff and such other medical experts as, in his judgment, he thought needful. But it does not conclusively appear that he employed the plaintiff on behalf of the defendant. His oral evidence upon that point is fully contradicted, and he, therefore, must here rely, and does rely, upon the documentary evidence to which attention is now given.

On the 7th day of November, 1887, Mr. Lord wrote the plaintiff the following:

"*Dr. I. N. Swasey:*

"Dear Sir—Dr. Bodenhamer refers me to Mrs. Bower, either 4 or 24 Pitt street, New York, as one who was with Com. Vanderbilt in his last sickness for a time to take care of him, and she thinks she heard much from the Commodore and of others surrounding him, which may tend to elucidate

the truth as to his condition and surroundings. I wish you would see her and get a full statement.

" SCOTT LORD,

" *Counsel for Mrs. Berger.*"

Here was undoubtedly employment for a particular service, and, on the face of the letter, by Mr. Lord as counsel for the defendant. But considering all the evidence in the case, it is by no means certain that Mr. Lord and the plaintiff understood that the employment was for and upon the responsibility of the defendant. The plaintiff was at the same time in the service of Cornelius J. Vanderbilt, a son of the testator, as an attendant upon him, and there is evidence tending to show that he was constantly in his service, and a large share of the time in his society. The son was also interested in the contest, as he would profit as largely as any one by the defeat of the will, and he had litigations pending against his brother William, the main beneficiary under his father's will, in which the information suggested in the letter might be useful. Mr. Lord was also counsel for the son, and we think from all the evidence in the case, which we do not think it important to specify, the referee could legitimately draw the inference that the plaintiff was expected to render the services requested in his employment by the son, and that his compensation was in some way to come from him.

There was another letter from Mr. Lord to the plaintiff dated May 13, 1878, as follows:

" Dear Doctor: I do not think the flank movement of General Postley was made from anything I have said; it could not have been, for I have not spoken of the interview or what you said to any one; Mrs. Berger and I had a talk about it, based upon what you told both of us, but she never says anything to third persons. I did tell Terry, who talked with me quite freely, that I thought it strange 'you

should have been left out in the cold, and General Postley doubled up.' When I see you, I may explain further, not, however, changing the fact of my silence, unless my remark just quoted was the basis of the General's action. I am sure nothing else that I have said was.

"Very truly yours,

"SCOTT LORD.

"Dr. I. N. SWASEY.

"P. S.—I do not regard your relations with the will case 'entirely closed.' I shall keep you in mind; in fact you are not yet paid for what you have done, and I intend to have you do more ; and yet I am not so sure as to service or time as to prevent your attending to other affairs.

"Since writing foregoing C. J. V. has been in, and said he had been told you had told me certain things. I told him I had said no such thing to his informant, and that the statement was wholly unauthorized."

This letter has no particular significance, and what has just been said about the other letter is also applicable to this. It shows that he had rendered some services, but does not state to or for whom, nor what the services were. They may have been rendered for Cornelius J. Vanderbilt. The letter certainly does not furnish conclusive evidence that they were rendered for the defendant, or upon her employment.

There was also a telegram from Mr. Lord at New York, to some person at Utica, to stop the plaintiff, who was on his way to Chicago, and to tell him to come back. But there is nothing but plaintiff's oral evidence disclosing what he was going to Chicago for, or that he was at the time in the employment of the defendant. The telegram tended to confirm his oral evidence ; but as that was disbelieved by the referee, the telegram can have little or no significance here.

These letters and telegram cannot therefore be said to establish conclusively the employment of the plaintiff on behalf of the defendant. They tended strongly to confirm his oral testimony and to lend credibility to his evidence. But how much credit should be given to the plaintiff as a witness, and what inferences and conclusions should be drawn from the whole evidence, were matters for the referee and the court below, and with their determination we cannot interfere.

But if we should assume that Mr. Lord did employ the plaintiff on behalf of the defendant, we would still have to affirm this judgment. There is no undisputed evidence that he rendered any definite service. His claim is that he was in the constant employment of the defendant from May 1st, 1877, to May 1st, 1878, and for at least one third of the ensuing year. Mr. Tenney the attorney for the defendant in the will case, testified that so far as he knew the plaintiff never had any relation to that case. Mr. Allen, who was one of the counsel in the case, and who had particular charge of the medical evidence for the contest, testified in substance that he never knew the plaintiff to render any service in the case whatever, except to write out at his request his opinion as to the effect upon the testator of certain medicines and of certain diseases, and that he requested him to do this in the presence of Cornelius J. Vanderbilt, in whose service he then was. The opinion proved to be of no value and was not used. Dr. Gill Wylie who was the medical expert who prepared the medical evidence, and was medical counsel for the defendant in reference thereto, and was thus in a position to know who rendered any service about that evidence, testified that he knew of no services rendered by the plaintiff in the will case. And the defendant testified that the plaintiff never rendered any services for her, or at her request. Upon this evidence it was certainly competent for the referee to find, as he did, that the plaintiff did not render any services

for the defendant, or for her benefit. Throwing out the oral evidence of the plaintiff as discredited, there was no evidence in the case upon which the referee could find that the plaintiff was entitled to any sum whatever from the defendant, and hence his finding in her favor cannot be disturbed here.

During the progress of the trial the plaintiffs took several exceptions to the rulings of the referee. We have carefully considered them all. Such of them as are liable to some criticism and have been pointed out in the brief of the appellant are either obviated by evidence subsequently given. or the evidence admitted or excluded was so unimportant that no harm came from the rulings excepted to. These exceptions need no further attention.

The judgment should be affirmed, with costs.

All concur.